IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00354-CR

 

Russell Lynn Raymer,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 05-04416-CRF-272

 



MEMORANDUM  Opinion



 

Appellant Russell Lynn Raymer was convicted of
aggravated robbery and, as a repeat offender, assessed punishment of
sixty-eight (68) years in prison.  Raymer argues on appeal that the trial court
abused its discretion by admitting evidence of an extraneous aggravated robbery
to which Raymer had confessed.  We will affirm the judgment of the trial court.




Background

On the afternoon of April 4, 2005, Mary Garcia was
working as the assistant manger at the Handi-Stop convenience store in Bryan, Texas.  That day, a white male wearing a homemade black mask, a plaid shirt, and
yellow rubber gloves entered the store.  The robber pointed a sawed-off shotgun
at Garcia and demanded cash.  Garcia gave him $200 from the register; the
robber placed the money in a yellow Dollar General bag and fled.  Garcia called
the police and later described the man as a skinny white male, around 5’7”,
with blue eyes, and light brown eyebrows.

Francis Guevara lived next door to the
Handi-Stop.  Near the time of the robbery, she saw a man sitting in the driver’s
seat of a truck.  She then watched as another male came running from the
direction of the store.  He was carrying a yellow Dollar General bag, and when
he jumped a fence, she saw money fall out of the bag.  After returning to
retrieve the money, he entered the passenger side of the truck.  Guevara was
able to memorize the license plate number and later gave it to police.

When police first attempted to check the license
plate number, it was not valid.  Officer Curtis, believing that Guevara may
have mistaken a letter such as a zero for the letter “O,” changed one of the
letters and the dispatcher responded that the license plate number matched that
of a green truck.

After locating the vehicle, officers attempted to
stop the truck on a traffic violation and a high-speed chase ensued.  Raymer
was driving the truck at the time and was the only occupant; he eventually
stopped the truck and was apprehended when he tried to run away on foot. 
Raymer was taken to jail and booked, where he was found to have $159.14 in his
possession.  Police later searched his vehicle and found a plaid shirt, a mask,
yellow rubber gloves, and loaded sawed-off shotgun.

Detective Darrell Fikes testified that he obtained
a custodial statement from Raymer in which he admitted to committing the
robbery at the Handi-Stop, with an accomplice, Shane Weldon.  Raymer claimed
that Weldon was the get-away driver and that he committed the robbery because
he owed Weldon $2,000 for drug purchases.  Fikes also testified that Raymer
admitted to committing a robbery at Tobacco & More, a store in Bryan, Texas, two days before the robbery at the Handi-Stop.  He testified that Raymer told
him that the shotgun he used in the robbery was the same one recovered from his
truck.  He also implicated Weldon as having participated in several other
robberies in the area.  A videotape of the Tobacco & More robbery was
admitted into evidence and played for the jury.

Raymer took the stand and argued that he was
denied food when he made his confession.  He also denied any involvement in the
robberies of both the Handi-Stop and Tobacco & More.  He further argued
that it was Weldon who committed the robberies, and that he gave a false
confession because he was under the influence of drugs.  Raymer admitted that
he had previously been sentenced to prison for several different theft and
burglary convictions.

Extraneous Offense 

In his sole issue, Raymer argues that the trial
court erred when it admitted rebuttal evidence of the extraneous aggravated
robbery that occurred at Tobacco & More.  Specifically, Raymer argues that
the evidence was inadmissible because the similarities between the robbery on
trial and the extraneous robbery were insufficient to prove his “signature.”  Taylor v. State, 920 S.W.2d 319, 322 (Tex. Crim. App. 1996).  The State
replies that the extraneous offense was admissible because it showed that the
instant offense and the extraneous robbery were committed (1) close in time
(two days apart) and (2) possessed characteristics that were sufficiently
similar.  Johnson v. State, 68 S.W.3d 644, 650-51 (Tex. Crim. App.
2002).

 “Evidence of other crimes, wrongs, or acts” other
than those for which the defendant is on trial “is not admissible to prove the
character of a person in order to show conformity therewith.”  Tex. R. Evid. 404(b).  “Generally,
evidence of extraneous offenses may not be used against the accused in a
criminal trial.”  Daggett v. State, 187 S.W.3d 444, 450 (Tex. Crim. App. 2005).  But the "other crime, wrong, or act" may have relevance
"apart from character conformity; that it tends to establish some
elemental fact, such as identity or intent.  Wyatt v. State, 23 S.W.3d
18, 25 (Tex. Crim. App. 2000).

A trial court’s ruling on the admissibility of
extraneous offenses is reviewed under an abuse of discretion standard.  Prible
v. State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  As long as the trial
court’s ruling is within the zone of reasonable disagreement, we will not
interfere with the ruling.  Graff v. State, 65 S.W.3d 730, 739 (Tex.
App.—Waco 2001, pet. ref’d).

Evidence of an extraneous offense is admissible to
prove identity when the issue of identity is contested and the extraneous
offense is “so similar to the charged offense that the offenses illustrate the
defendant’s ‘distinctive and idiosyncratic manner of committing criminal
acts.’”  Page v. State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006).  The
issue of identity was contested in Raymer’s trial because various witnesses
gave conflicting descriptions of the accused.  Additionally, Raymer testified
at trial that it was Weldon who committed the crime and not him.

In determining the similarity of offenses to
establish identity, appellate courts should take into account both the specific
characteristics of the various offenses and the time interval between them.  Johnson,
68 S.W.3d at 651.  The exactness that might be required of an offense committed
at a more remote period of time might not necessarily be required for an
offense committed within a very short period of time.  Id.  The offenses
presented here were committed within a few days of each other.  The evidence
showed that the extraneous robbery was committed on April 2, 2005, and this offense
was committed on April 4, 2005.

Additionally, extraneous offenses are admissible
when the offenses are sufficiently similar.  In Lane v. State, the Court
of Criminal Appeals stated it has previously held offenses to be sufficiently
similar when, (1) both offenses were robberies, (2) both offenses were
committed at gunpoint, (3) the defendant was aided by a confederate, and (4)
the offenses occurred three days apart.  Lane v. State, 933 S.W.2d 504,
519 (Tex. Crim. App. 1996).

Here, both offenses were robberies committed at
convenience stores in the Bryan area with a sawed-off shotgun.  Both suspects
wore a mask and were white males, with a short build.  Based on the proximity
of time and the specific characteristics of the offenses, the extraneous
offense was properly admitted.  See Ransom v. State, 503 S.W.2d
810, 813 (Tex. Crim. App. 1974) (extraneous robbery admissible because of close
proximity in time and the similar characteristics of both offenses). 
Accordingly, we find that the trial court did not abuse its discretion in
admitting the extraneous offense.  Tex.
R. Evid. 403, 404(b).  We overrule Raymer’s sole issue, and affirm the
judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray concurs in the result.  A separate opinion will not issue.)

Affirmed 

Opinion delivered and
filed July 23, 2008

Do
not publish

[CRPM]